FISHER, Circuit Judge,
concurring in the result:
Whether Dillingham’s argument that the Benefit Review Board’s decision in McAllister v. Lockheed Shipbuilding, 41 B.R.B.S. 28, 2007 WL 1289932 (Dep’t of Labor Ben. Rev. Bd.2007) (per curiam), impermissibly imposes the burden of proof on each employer simultaneously contains two analytically distinct points or those points are simply different sides of the same coin, I see no reason to address any aspect of the McAllister rule. Here, the administrative law judge (ALJ) clearly imposed the burden of proof sequentially, beginning with the last-in-time employer and moving to the preceding employer only after concluding the later-in-time employer had carried its burden. The three later-in-time employers carried their burden. Dillingham did not. In short, the ALJ did precisely what Dillingham maintains the last employer rule requires: he ensured each later-in-time employer had carried its burden of proving it did not expose claimant to sufficient harmful stimuli to cause the injury before imposing the burden of proof on Dillingham. I would therefore affirm because any legal error in the Board’s formulation of the rule was immaterial and would decline to opine on whether imposing the burden of proof on each employer is appropriate.